MARTIN J. SCHREIBER Governor
You have asked for my opinion on two questions. First, who has the authority to determine the salary increase of the incumbent Secretary of the Department of Veterans Affairs? Second, what legal restraints limit the amount of a salary increase which may be awarded to the incumbent?
In my opinion, you as the appointing authority have the authority to determine the salary of the incumbent, subject to statutory restrictions. I have this day issued an opinion to the Chairman of the Board of Veterans Affairs in which I give my reasons for arriving at this conclusion. A copy of that opinion is enclosed.
Despite the fact that the appointing authority ordinarily determines the pay increase for his subordinates, it also is my opinion that, by virtue of the action of the Joint Committee On Employment Relations, the incumbent is entitled to an across-the-board salary increase of 5% for the year 1977-1978 and an increase of 5.5% for the year 1978-1979.
The background facts are that on September 28, 1977, the Joint Committee modified the proposed salary adjustments of the Director of the Bureau of Personnel as it related to officials in the executive group covered by sec. 20.923 (4)(d), Stats., which includes the incumbent Secretary. As proposed by the Director, the incumbent automatically would receive a 3.5% across-the-board increase the first year and a 3.75% across-the-board increase the second year. In addition, the incumbent would have been eligible for discretionary merit of 3.5% and 3.75% in each of the two years, respectively. As modified by the Joint Committee, however, the incumbent receives only across-the-board increases of 5% and 5.5% for the years 1977-1978 *Page 263 
and 1978-1979, respectively, but may receive no discretionary merit.
It is my opinion that the Joint Committee had power to modify the Director's plan so as to limit the incumbent Secretary's increase to the across-the-board amounts of 5% and 5.5%.
Section 16.086 (3)(a), Stats. (1975), required the Director to submit proposed changes in the compensation plan to the Personnel Board. Those proposals could "include across the board pay adjustments for positions in the classified service." Id. After receiving the advice and counsel of the Board, the Director had to submit the proposed changes to the Joint Committee, and the Committee's action determined the compensation plan "for positions in the classified service" except as disapproved by the Governor within ten days. Sec. 16.086 (3) (b), Stats. (1975). I am advised that you did not disapprove of the Joint Committee's action within the ten-day period.
Both paragraphs (a) and (b) of subsec. 16.086 (3), Stats., define the Director's and the Joint Committee's powers in terms of the classified service. The incumbent Secretary is not within the classified service. Standing alone, therefore, these paragraphs would not authorize the Joint Committee's action in respect to the incumbent's salary. Nevertheless, on consideration of other statutes discussed below, it is my opinion that the Legislature has authorized the Joint Committee's action in respect to the Secretary.
Prior to the 1973 legislative session, the appointing authority had discretion in setting the salary rate. Sec. 20.923 (2), Stats. (1971). Chapter 90, sec. 152, Laws of 1973, removed the discretion by repealing and recreating sec. 20.923 (intro.) of the statutes to provide that:
 ". . . all such included positions shall be subject to the same basic salary establishment, implementation, modification, administrative control and application procedures. . . ."
The declared purpose of this legislative change was to establish a salary adjustment mechanism which produced an equitable and comprehensive whole between the executives and administrators themselves and between them as a group and the classified service as well. Id. See also sec. 20.923 (15), Stats. (1977), sec. 76m., ch. 196, *Page 264 
Laws of 1977. Moreover, the Legislature specifically subordinated the salary-setting authority of all appointing authorities to these procedures.
 ". . . The salary-setting authority of individual boards, commissions, elective and appointive officials elsewhere provided by law is subject to and limited by this section, and the salary rate for these positions upon appointment and subsequent thereto shall be set by the appointing authority pursuant to this section . . . ." Sec. 20.923 (1)(a), Stats., as repealed and recreated by ch. 90, sec. 152, Laws of 1973, now sec. 20.923 (1), Stats. (1977).
Finally, the 1973 amendments extended the classified compensation plan to include unclassified personnel. Id.
Consequently, by removing the discretionary salary-setting powers of elective appointing authorities with a purpose to place the executive compensation plan within the same comprehensive framework as the plan for classified employes, and by including the plan for unclassified personnel within the plan for classified personnel, the Legislature empowered the Joint Committee to modify the Director's plan in respect to the incumbent Secretary. It follows that the incumbent's increases for the years 1977-1978 and 1978-1979 are limited to 5% and 5.5%, respectively, and that he is eligible for no discretionary merit during the current biennium.
As to the effective dates of the salary increase, the across-the-board increases, by force of the Joint Committee's action (see sec. 16.086 (8), Stats. (1975)), became effective as to the Secretary on October 23, 1977, and July 2, 1978, in the amounts of 5% and 5.5%, respectively.
BCL:CDH *Page 265